IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW D. LEONARD, and minor
children, E.E.L. and K.A.L.,

              Petitioners,

   v.

ROBERT P. VANDEHEY, individually
and acting in his official capacity as circuit
judge of Grant County,

              Respondent.

ORDER

08-cv-109-bbc

---

     Plaintiff Matthew Leonard has filed an application for a writ of habeas corpus on behalf of himself and his minor children. According to the petition and its attachments, petitioner is in custody at the Grant County Jail pursuant to an order entered by respondent, a circuit court judge, finding petitioner in contempt of court for his failure to pay court-ordered child support. Petitioner appears to be challenging rulings made by the court at the hearing on the order to show cause for contempt and in the underlying paternity case that initially established petitioner's support obligation and custody rights. Petitioner contends that the circuit court denied his rights to substantive and procedural due process and to a jury trial.

1

Petitioner cannot challenge determinations of parental rights or child custody in a proceeding for a grant of habeas corpus. Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502, 511-12 (1982). This court lacks subject matter jurisdiction to hear petitioner's challenges to the propriety of the circuit court's rulings concerning paternity or child custody. Habeas relief is available, however, insofar as petitioner is challenging the constitutionality of his incarceration for civil contempt for failure to pay child support. Fernos-Lopez v. Figarella Lopez, 929 F.2d 20, 23 (1st Cir. 1991) ("[A] person incarcerated for civil contempt, even in the domestic relations context, is obviously in 'custody,' in the traditional sense, for the purposes of invoking habeas jurisdiction") (citations omitted).

Because petitioner is in custody by virtue of a civil contempt proceeding and not pursuant to a state court criminal conviction, it appears that his petition is governed by 28 U.S.C. § 2241, the general habeas statute, and not § 2254. Lehman, 458 U.S. at 510 (noting that "past decisions have limited [§ 2254's] availability to challenges to state-court judgments in situations where---as a result of a state-court criminal conviction---a petitioner has suffered substantial restraints not shared by the public generally"). Accord Chapman v. 305th Judicial Dist. Court, 2006 WL 297766, *1 (N.D. Tex. 2006) (applying § 2241 to petitioner's challenge to custody arising from civil contempt proceeding); but see Chadwick v. Janecka, 312 F.3d 597, 599 (3d Cir. 2002) (applying § 2254 to petitioner's challenge to confinement for civil contempt). Whether governed by § 2241 or § 2254, however, the

2

petition must be dismissed because petitioner has failed to exhaust his state court remedies. Although § 2241 lacks a statutory exhaustion requirement like that set forth in § 2254(b), as matter of comity the federal court may require a § 2241 applicant to exhaust all avenues of state relief before seeking the writ. United States v. Castor, 937 F.2d 293, 296-297 (7th Cir. 1991) (citing Baldwin v. Lewis, 442 F.2d 29, 31-33 (7th Cir. 1971)). Nothing in the petition suggests that petitioner has sought a writ of habeas corpus from the state circuit court or presented his claims to the state court of appeals by appealing the circuit court's contempt filing. Petitioner must seek relief from the state courts, including the court of appeals and supreme court, before this court can consider his claims.

However, I think it fair to warn petitioner that it is questionable whether this court would have jurisdiction over petitioner's claims even if he was to exhaust his state court remedies. Under § 2241(c)(3), a court may grant federal habeas relief to a state prisoner if he "is in custody in violation of the Constitution or laws or treaties of the United States." Because petitioner is incarcerated as a sanction for civil contempt and not serving a sentence for criminal contempt, he has no constitutional right to a jury trial, International Union, United Mine Workers of America v. Bagwell, 512 U.S. 821, 827 (1994), and his claims of violations of his rights to substantive and procedural due process are too vague to support any finding of a constitutional violation. Accordingly, petitioner may want to think twice before refiling a federal habeas petition based on these claims.

ORDER

IT IS ORDERED that the petition of Matthew Leonard for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for his failure to exhaust his state court remedies.

Entered this 28th day of February, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge